IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–000775–PAB–KMT

PHILIP ANDREW WOLF,

    Plaintiff,

v.

DAVID R. MYRLAND,

    Defendant.

_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This matter is before the court on "Plaintiff's Motion for Summary Judgment" (Doc. No. 8, filed November 9, 2009). Before adjudicating the motion for summary judgment, the Court must satisfy itself of subject matter jurisdiction in this case.

    "Any federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding." *Harris v. Illinois-Cali. Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982). The Federal Rules of Civil Procedure make clear that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Subject matter may not be conferred on a federal court by stipulation, estoppel, or waiver." *United States v. Burch*, 169 F.3d 666, 668 (10th Cir. 1999) (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). "This question the court is bound to ask and answer for itself, even when not otherwise

suggested." *Pennaco Energy, Inc. v. U.S. Dep't of the Interior*, 377 F.3d 1147, 1155 n.4 (10th Cir. 2004) (citing *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331. First, under 28 U.S.C. § 1332, federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 in controversy exist. Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction.

### *I.     Diversity Jurisdiction*

In cases initiated in federal court, a court examines the complaint and determines whether it contains factual allegations sufficient to establish the required amount in controversy. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000). In such a case, the amount claimed by the plaintiff is presumed to be sufficient to support diversity jurisdiction. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). The "amount in controversy" is measured by the value of the object of the litigation. *See Lovell*, 466 F.3d at 897 (quoting *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977)). Under the "either viewpoint rule" followed in the Tenth Circuit, such "value" can be either what the plaintiff seeks to recover monetarily, or what the cost would be to the defendant if the plaintiff in

fact recovers on a request for declaratory or injunctive relief. *Id.*; *see also Ronzio v. Denver & R.G. W.R. Co.*, 116 F.2d 604, 606-07 (10th Cir. 1940).

In his Complaint, Plaintiff states he is "seeking specific remedy in the nature of declaratory relief regarding promissory notes, one of which is in Defendant's possession . . . ." (First Am. Compl. [Doc. No. 4], ¶ 1.1.) Plaintiff has attached the Promissory Note at issue to his Motion for Summary Judgment. (Mot. Summ. J. [Doc. No. 8] at 6.) The amount payable under the terms of the Promissory Note is $1,000.00. (*Id.*) As such, Plaintiff does not meet the amount in controversy requirement set forth by 28 U.S.C. § 1332, and, therefore, this court does not have diversity jurisdiction.

## II.     *Federal-question Jurisdiction*

Plaintiff asserts jurisdiction under 28 U.S.C. §§ 2201 and 2202, as well as the Fifth Amendment. (Doc. No. 4, ¶ 1.1.) It is settled that 28 U.S.C. § 2201 does not itself confer jurisdiction on a federal court where none otherwise exists. That statute was adopted by Congress to enlarge the range of remedies available in federal court, and does not extend subject matter jurisdiction to cases in which the court has no independent basis for jurisdiction. *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667, 671-72 (1950); *Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978); *Chandler v. O'Bryan*, 445 F.2d 1045, 1054 (10th Cir. 1971). Similarly, 28 U.S.C. § 2202 permits courts to order declaratory relief, but does not independently confer jurisdiction on federal courts. *See Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (Section 2202 enlarges range of available remedies but does not constitute independent basis of

jurisdiction).  By themselves, then, Sections 2201 and 2202 cannot confer jurisdiction over Plaintiff's claims.

Moreover, although Plaintiff asserts jurisdiction under the Fifth Amendment, he has not asserted a claim under the Fifth Amendment, and this court does not construe Plaintiff's claims as arising under the Fifth Amendment.  Moreover, to the extent Plaintiff does assert a claim arising under the Fifth Amendment, the claim is "so attenuated and unsubstantial as to be absolutely devoid of merit," *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904), and "frivolous," *Bell v. Hood*, 327 U.S. 678, 683 (1946).

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that

1.Plaintiff's First Amended Complaint and this case be dismissed for lack of subject matter jurisdiction; and

2."Plaintiff's Motion for Summary Judgment" (Doc. No. 8) be DENIED.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling).

*But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 31st day of December, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge